UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HAYNES,<br><br>    Petitioner,<br><br>  vs.<br><br>WILLIAM MUNIZ, Warden,<br><br>    Respondent. | CASE NO. CV 15-0358 DSF (RZ)<br><br>ORDER TO SHOW CAUSE |

   The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2009 conviction may be time-barred.

   In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

   The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

   Petitioner indicates that he signed the current petition on December 23, 2014. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 2009, a Los Angeles County Superior Court jury convicted Petitioner of murder and other crimes. He was sentenced to state prison for life without the possibility of parole. Pet. at 1.

(b) Petitioner appealed, but the California Court of Appeal affirmed on February 16, 2011. The California Supreme Court denied his petition for further direct review on November 16, 2011. Pet. at 2. (The state supreme court concurrently denied Petitioner's *pro se* habeas petition there. *See* docket in *In re Haynes*, Cal. Supreme Ct. case no. S194656, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1984834&doc_no=S194656.)

(c) Petitioner does not appear to have sought *certiorari* in the United States Supreme Court. His conviction therefore became final after Wednesday, February 15, 2012, after the high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) A full year passed with no pending post-convictions challenges by Petitioner in the state courts. Thus, Petitioner's AEDPA limitations period expired after Friday, February 15, 2013.

(e) Another year and a half passed. On July 30, 2014, Petitioner filed a habeas petition in the California Court of Appeal. That court denied relief on August 7, 2014. Pet. at 3-4. Two months later on September 18, Petitioner filed a final habeas petition in the California Supreme Court, which denied relief on December 10.

(f) Two weeks later, Petitioner signed the current petition.

* * * * *

   Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in February of 2012, one year after his conviction became final. Petitioner's

commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Petitioner plainly anticipated a challenge to the timeliness of his petition, but his four short arguments for timeliness are conclusory and puzzling. *See* two unpaginated, handwritten pages between pages 1 and 2 of the form Petition. He first correctly notes that California has no specific deadline for the filing of *state* habeas petitions. But he is proceeding in federal court, not the state courts. As noted above, federal law sets much clearer deadlines for habeas petitions. Second, Petitioner asserts that he has exercised due diligence and has good cause for the delay, but he does not explain or support these boilerplate assertions. Third, Petitioner states that extraordinary circumstances beyond his control delayed his filing. But he goes on to cite decidedly ordinary circumstances, such as being a layman and suffering from "institutional lockdowns" and a "deficient mail system." He fails to show any connection between these circumstances and his delay in filing this action. Fourth and finally, Petitioner implies that he is actually innocent and thus merits relief from the statute of limitations bar. *See McQuiggin v. Perkins*, 596 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But he once again fails to support this assertion.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: January 21, 2015

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE