UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HAYNES,<br><br>    Petitioner,<br><br>    vs.<br><br>WILLIAM MUNIZ, Warden,<br><br>    Respondent. | CASE NO. CV 15-0358 DSF (RZ)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE HABEAS ACTION |

    Petitioner Darrell Haynes presents a successive habeas petition that lacks the required Court of Appeals authorization for such a petition. The Court will dismiss the petition summarily for lack of jurisdiction to entertain it.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

    Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

(b)(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). The district court

therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997).

Petitioner attacks his 2009 conviction for murder and other crimes. But Petitioner previously challenged that conviction on habeas in this Court in 2011. The Court dismissed the 2011 action with prejudice. *See* docket in *Haynes v. Lewis*, No. CV 11-10197 GAF (RZ) (Judgment [ECF 28] filed Dec. 20, 2012). This Court denied a Certificate of Appealability (COA) [ECF 29]. The Court of Appeals denied a COA on April 10, 2013 in its case number 13-55448 [ECF 34]. Petitioner does not appear to have sought *certiorari*.

Petitioner's current petition does not enjoy the required Ninth Circuit authorization for successive petitions. No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it. Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: 2/27/15

*[signature: Dale S. Fischer]*

———————————————
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE